IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory V. Smith, ) | C/A No.: 1:12-29-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| P.E. Spivey, Jail Director, Individual ) | ORDER |
| and Official Capacity; Chris Phillips, ) | |
| Detective, Individual and Official , ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging numerous violations of his constitutional rights. Before the court are the following motions: (1) Plaintiff's motion to appoint counsel [Entry #16]; and (2) Plaintiff's motion for subpoenas [Entry #17]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Factual Background

Plaintiff is a pretrial detainee at the Kershaw County Detention Center. [Entry #1 at 2]. He alleges defendant Chris Phillips ("Lieutenant Phillips") confiscated his personal property, including legal papers, on August 15, 2011. *Id.* at 3. He alleges that on the same day, Nurse Hollis told him he needed to take a urine test for a "liver function analysis." *Id.* After the test, Lieutenant Phillips allegedly told Plaintiff he failed a drug test for "pot, amphetamines and meth" and asked where Plaintiff obtained the meth. *Id.* at 4. When Plaintiff responded he had no knowledge of any drugs, Lieutenant Phillips

allegedly threatened to lock Plaintiff's friend up and "get her 15 years." *Id.* Plaintiff claims he responded that he knew nothing and did not want to be questioned without his attorney. *Id.* He contends he was escorted to solitary confinement and told by Lieutenant Phillips "that it would help [him] remember." *Id.* Plaintiff claims Nurse Hollis told him later that evening that he had not failed the drug test and that she had been instructed to lie by Lieutenant Phillips and defendant P.E. Spivey. *Id.*

Plaintiff claims the defendants knew he was represented by an attorney, had Nurse Hollis lie to obtain his bodily fluids, wrongly kept him in solitary confinement for approximately two weeks, and never returned his personal property. *Id.* at 4–5. He contends he filed a grievance, but that he never received a response. *Id.* at 5. Plaintiff asks that his property be returned and seeks $2.5 million in compensatory damages and $2.5 million in punitive damages from each defendant. *Id.* at 7.

II.   Discussion

   A.   Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel on May 8, 2012. [Entry #16]. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, Plaintiff states

only that his public defender told him perhaps he could ask for a court-appointed lawyer in this case. [Entry #16 at 1].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

B.     Motion for Subpoenas

Plaintiff filed a motion for subpoenas on May 8, 2012. [Entry #17]. Plaintiff's motion lists four individuals for whom he seeks subpoenas, but does not provide the reason for the subpoenas. *Id.* Thus, Plaintiff has failed to demonstrate why the requested subpoenas should be issued. To the extent Plaintiff seeks to compel the attendance of witnesses at trial, the motion is premature as no trial date has been set. Additionally, Plaintiff has failed to submit the necessary witness fees. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government

3

payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983).

Therefore, because Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the fees for service of the subpoenas, Plaintiff's motion for subpoenas [Entry #17] is denied at this time with leave to re-file after he has demonstrated the relevance of the listed witnesses and tendered the necessary witness fees. Plaintiff will have ample time to submit the same after a trial date is set, if this case survives summary judgment.

IT IS SO ORDERED.

May 15, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge