IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory V. Smith, | ) | C/A No.: 1:12-29-RBH-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| P.E. Spivey, Jail Director, Individual and Official Capacity; and Chris Phillips, Detective, Individual and Official Capacity, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is currently a pretrial detainee incarcerated at the Kershaw County Detention Center ("KCDC") on charges of murder, possession of marijuana, possession and manufacturing of methamphetamines, and manufacturing with intent to distribute mthamphetamines. [Entry #42-6]. Plaintiff sues KCDC director P.E. Spivey and Kershaw County Detective Chris Phillips as defendants (collectively "Defendants"). Before the court is Defendants' Motion for Summary Judgment [Entry #48]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, the undersigned submits this Report and Recommendation for the district judge's consideration.

I.  Factual and Procedural History

Plaintiff alleges that on August 15, 2011, Detective Phillips conducted a cell search and confiscated all of his personal property, including legal documents, notes for his attorney, notes about Phillips' conduct during an interrogation, and hygiene items. [Entry #1 at 3]. He claims the property was never returned. *Id*. Additionally, Plaintiff alleges that after the cell search, he was taken to Nurse Hollis to give a urine sample for a liver function analysis. *Id*. According to the complaint, Phillips then informed him that he had failed a drug test for "pot, amphetamines and meth." *Id*. at 4. Phillips allegedly proceeded to question him about from the source of his meth and threatened to "lock [his friend] up." *Id*. Plaintiff claims that when he told Phillips he did not want to be questioned without his attorney, Phillips escorted him to solitary confinement and told him "maybe it would help [Plaintiff] remember." *Id*.

Plaintiff further alleges that later that evening, Nurse Hollis informed him that Phillips and Spivey had instructed her to tell him the urine test was for a liver function analysis, but it had actually been for a drug test. *Id*. Hollis allegedly told Plaintiff he had passed the drug test. *Id*. Plaintiff alleges that he was placed in solitary confinement for two weeks without many privileges, but he was never charged with anything. *Id*. at 4–5. Plaintiff alleges that his due process rights were violated, and he seeks damages and a return of his property. *Id*. at 5–7.

Defendants filed their motion for summary judgment on August 6, 2012. [Entry #42]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed

to respond adequately to Defendants' motion. [Entry #43]. Plaintiff filed a response to Defendants' motion on September 5, 2012 and July 23, 2012. [Entry #45]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

II.  Discussion

   A.  Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

   B.   Analysis

Defendants' motion lists several grounds for summary judgment, including Eleventh Amendment immunity, qualified immunity, and Plaintiff's failure to state constitutional claims. However, because the defense of Plaintiff's failure to exhaust his administrative remedies appears to be dispositive, the undersigned has not addressed each additional argument. For the following reasons, the undersigned recommends Defendants' motion be granted based on Plaintiff's failure to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516 (2002), the

United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id.* The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.*

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

Here, Plaintiff has not properly exhausted his administrative remedies. According to Spivey's affidavit, KCDC has an established grievance policy that requires grievances to be filed within 48 hours of an incident. [Entry #42-6 at 3–4]. Additionally, the grievance policy indicates that inmates can appeal any grievance, provided they do so within 48 hours of a response to the grievance. *Id.* Plaintiff appears to have filed

grievances on September 24, 2011 and October 7, 2011 regarding the August 15, 2011 incident. [Entry #1-2]. Plaintiff claims he did not know grievances were to be filed within 48 hours and indicates that he believed inmates were supposed to first initiate an informal request for a resolution and responses to these requests may take a few days. [Entry #45 at 6]. However, there is no indication that Plaintiff even attempted informal resolution of his issues within 48 hours. [Entry #42-7 at 18]. Additionally, Plaintiff argues that Spivey's discovery responses do not contain documents indicating a grievance should be filed within 48 hours. However, Plaintiff does not indicate that he requested a copy of the grievance policy from Spivey in discovery or received a copy of the grievance policy that is inconsistent with Spivey's affidavit. Therefore, based on the record presented, the undersigned recommends that Defendants be granted summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 11, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).