IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gregory V. Smith, ) | Civil Action No.: 1:12-cv-00029-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| P.E. Spivey, Jail Director, Individual ) | |
| and Official Capacity; and Chris ) | |
| Phillips, Detective, Individual and ) | |
| Official Capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] The above-captioned Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion on the basis that the undisputed evidence shows Plaintiff failed to administratively exhaust his claims prior to filing his complaint with this Court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a state prisoner proceeding *pro se*, filed this action on January 4, 2011. He alleges—under 42 U.S.C. § 1983—several violations of his constitutional rights by the above-captioned Defendants. The claims arise out of allegations of a search conducted of his jail cell at the Kershaw County Detention Center ("KCDC"), a drug test performed without Plaintiff's consent, and Plaintiff's subsequent placement in solitary confinement. Defendants jointly filed a motion for summary judgment on August 6, 2012, arguing, in part, that Plaintiff failed to exhaust his

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

administrative remedies that were available at the KCDC. After having been put on notice of pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of summary judgment, Plaintiff responded to their motion on September 5, 2012. The Magistrate Judge then issued her R&R on October 11, 2012, recommending that summary judgment be granted in favor of Defendants on the basis of Plaintiff's failure to exhaust. R&R, ECF No. 46. Plaintiff filed timely objections on October 22, 2012. Pl.'s Objs., ECF No. 48.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment because of Plaintiff's failure to exhaust his administrative remedies. She bases her recommendation on evidence that Plaintiff was required to submit his grievances within forty-eight hours and to then appeal any adverse decision. R&R 6. In his objections, Plaintiff first argues that he was unaware of a grievance policy and notes that no policy was produced in discovery, posted at the KCDC, or known by any of its employees or detainees. Second, Plaintiff contends he was unable to file a grievance within forty-eight hours because he was in solitary lockdown without any means to do so. Finally, Plaintiff maintains Defendants' claims are "frivolous" because they were in violation of an order finding that the period for filing dispositive motions had expired prior to the filing of Defendants' motion.[2] Pl.'s Objs. 1-3.

The Prison Litigation Reform Act ("PLRA"), as the Magistrate Judge notes, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Here, Plaintiff fails to provide any evidence to dispute Defendants' evidence that the KCDC's grievance policy requires inmates to file grievances within forty-eight hours and that Plaintiff failed to file a timely grievance relating to the allegations in his complaint. Furthermore, Plaintiff provides no evidence to dispute the fact that he did not appeal a grievance, as he is required to do in order to fully exhaust his administrative remedies. Although Plaintiff contends in his objections that he was prevented from filing a grievance due to his detention in solitary lockdown, he provides no evidence to

---

[2] Plaintiff's third objection is without merit, as the Magistrate Judge granted Defendants' motion for an extension of the period for filing dispositive motions. June 7, 2012 Text Order, ECF No. 30. Having received an extension from the Magistrate Judge, Defendants timely filed their motion for summary judgment, and it was thus not "frivolous," as Plaintiff argues.

support such a contention. Therefore, the Court finds the Magistrate Judge's recommendation to dismiss Plaintiff's complaint is proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion for summary judgment, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED** and that Plaintiff's complaint is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

Florence, South Carolina
February 27, 2013