IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gregory V. Smith, | ) | Civil Action No.: 1:12-cv-00029-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| P.E. Spivey, Jail Director, Individual and Official Capacity; and Chris Phillips, Detective, Individual and Official Capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's "Motion to Reconsider" filed on March 8, 2013. ECF No. 56. Plaintiff asks that the Court reconsider its order granting the above-captioned Defendants' motion for summary judgment. ECF No. 53. This Court found Plaintiff failed to exhaust his administrative remedies properly before filing this action under 42 U.S.C. § 1983. Now, in this motion, Plaintiff argues that meeting a forty-eight hour deadline to file grievances with the Kershaw County Detention Center ("KCDC") was impossible given a conflicting policy that the KCDC has seventy-two hours to notify a detainee why he was placed in solitary confinement. ECF No. 56, at 4-5.

Motions under Rule 59 of the Federal Rules of Civil Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice."

*Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Plaintiff now attempts to raise an argument in his motion to reconsider that he could have raised in response to Defendants' motion for summary judgment but did not. His motion fails to point this Court to a change in controlling law, to new evidence, or to clear error of law. Indeed, this Court found there was no evidence Plaintiff filed an initial grievance within forty-eight hours or appealed an adverse decision within forty-eight hours,[1] as he was required to do. As such, the Court declines to reconsider its order. Therefore, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 15, 2013

---

[1] Plaintiff does not ask the Court to reconsider its finding that he failed to properly appeal his grievance, which is dispositive of the exhaustion issue.